## WARREN COUNTY *v.* JAMES B. DABNEY.

BOARD OF SUPERVISORS.    *Attorneys.    Employment.    Code* 1892, ¿ 293; *Ib.*,
*ch.* 123, ¿¿ 4144, 4147.

The employment by the board of supervisors of counsel by the year,
as authorized by code 1892, ¿ 293, does not deprive it of power to
employ a competent person, although he be a lawyer other than
the one previously employed, to investigate the titles to sixteenth
section school lands, and to bring suits to confirm titles thereto.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Dabney, the appellee, was plaintiff in the court below; War-
ren county, appellant, was defendant there.    From a judgment
in plaintiff's favor defendant appealed to the supreme court.
The opinion states the facts.

*McLaurin & Thames*, for appellant.

The board of supervisors employed the appellee, who is an
attorney at law, under § 4144 of the code of 1892.    The lan-

guage of the statute is that the board "shall employ one or more competent persons," etc., not meaning, in our opinion, lawyers, because, if the statute had meant lawyers, it would have said so.

Section 4147 makes it the duty of the board, or such competent persons, to institute suit, etc. This clearly does not mean an attorney, or else the word attorney would have been used. An attorney is never alluded to as a competent person, but, whenever the law means an attorney, it uses the term.

The law does not say the court, in criminal cases, shall appoint a competent person to defend a man who has no counsel, but uses the word "attorney."

Section 4161 is looked to for aid for the appellee, but gives none. The record in this case shows that the board had an attorney by the year, as provided by § 293. It was the duty of the board to have instructed the county attorney to bring suit, under § 4147. If the county attorney failed or refused, then the board had the right to discharge him and employ one who would bring suit, or, if it could not get an attorney by the year who would bring the suit, then the board would have had the authority to employ counsel especially for this case.

"One or more competent persons" never was intended by the legislature to mean "attorney," and, as it does not say "attorney," the appellee cannot, in our opinion, succeed.

*Magruder, Bryson & Dabney*, for appellee.

Code 1892, §§ 4144, 4147, not only empowers the board to employ counsel for the specific purpose for which appellee was employed, but make it the duty of the board to do so.

It is contended by counsel for appellant that, when a board of supervisors has, under the authority conferred by § 293, employed an attorney by the year, its powers to employ counsel has been exhausted. Why, then, does § 79 of the code provide that, in the defense of appeals from the board, they may employ counsel, to be paid out of the county treasury? The code of 1892 was adopted as a whole, and must be so

taken; hence, we must conclude that § 293 was not intended to restrict the boards of supervisors in their employment of counsel any further than in the fixing of yearly salaries.

TERRAL, J., delivered the opinion of the court.

J. B. Dabney an attorney at law, by the employment of the board of supervisors of Warren county instituted three suits in relation to school lands of said county and conducted them to a successful issue. He thereupon called upon the board for his stipulated reward, which is agreed to be reasonable, but payment was refused by the board because at the time of his employment the board had already in its employment under § 293, code of 1892, counsel at the annual salary of $300.

The question therefore is whether the board of supervisors of a county having employed counsel under § 293 can employ other counsel under ch. 123, code of 1892 in reference to suits relating to school lands. We think they may. There is nothing in ch. 123 of the code to restrict the power of the board in this regard, or to limit it to counties which have not employed an attorney under § 293.

The language of ch. 123 is not ambiguous or obscure, and it seems plainly to contemplate that the boards may employ counsel to investigate the titles to school lands and to conduct suits relating thereto, although they may have under § 293 other counsel for matters not relating to school lands. It is apparent, we think, that the legislature was of the opinion that the condition of the titles to school lands called for special examination which induced it to provide for special counsel. It is insisted, however, that if the legislature by the words "competent person" in § 4147 had intended to include a lawyer, it would have used the latter word. We do not think it would have necessarily done so. If a lawyer be a competent person in other respects, his eminence as a lawyer would not render him the less competent to institute and prosecute to effect the suits authorized under ch. 123, code of 1892.

*Affirmed.*